Farzad Rastegar (State Bar No. 155555)
farzad@rastegarlawgroup.com
Amir Seyedfarshi (State Bar No. 301656)
amir@rastegarlawgroup.com
**RASTEGAR LAW GROUP, APC**
22760 Hawthorne Blvd., Suite 200
Torrance, CA 90505
Tel:   (310) 961-9600
Fax:   (310) 961-9094

Attorneys for Plaintiffs, FRANISHA BEASLEY and STEPHANIE RANDALL, individually ; and on behalf of all current and former employees of Defendants.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANISHA BEASLEY and STEPHANIE RANDALL, individually; and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ESA MANAGEMENT LLC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 4:18-CV-06304-JSW<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];<br>2. Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];<br>3. Failure to Pay Minimum and Straight Time Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];<br>4. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];<br>5. Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226];<br>6. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];<br>7. Failure to Provide Notice of Sick Leave [Cal. Lab. Code § 2810.5]<br>8. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]; and |

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**REPRESENTATIVE ACTION FOR:**

9. Civil penalties under PAGA [Cal. Lab.    Code § 2699, *et seq.*]

**DEMAND FOR JURY TRIAL**

FIRST AMENDED COMPLAINT

Named Plaintiffs Franisha Beasley and Stephanie Randall (hereinafter "Named Plaintiffs"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

## INTRODUCTION & GENERAL ALLEGATIONS

1.     Named Plaintiffs bring this action against ESA MANAGEMENT LLC, and Does 1 through 100 (hereinafter collectively referred to as "Defendants") for California Labor Code violations, unfair business practices, and civil penalties stemming from Defendants' failure to provide meal periods, failure to authorize and permit rest periods, failure to pay minimum and straight time wages, failure to pay overtime wages, failure to timely pay all wages to terminated employees, and failure to furnish accurate wage statements.

2.     Named Plaintiffs bring the First through Eighth Causes of Action individually, and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class," and defined more fully below).

3.     Named Plaintiffs bring the Ninth Cause of Action as a representative action under the California Private Attorney General Act ("PAGA") to recover civil penalties that are owed to Named Plaintiff, the State of California, and past and present employees of Defendants (hereinafter referred to as the "Aggrieved Employees").

4.     Defendants are in the business of providing extended stay and hotel rooms to guests throughout California.

5.     Defendants employed Named Plaintiffs to work as a Housekeeper at the Defendants' extended stay facility in the County of Los Angeles, California.

6.    Named Plaintiff Beasely was employed from sometimes in June of 2017 to December of 2017.   Named Plaintiff Stephanie Randall was employed from approximately May of 2016 to September 2018.

7.    Throughout the time period involved in this case, Defendants have wrongfully failed to provide Named Plaintiffs, the Class, and the Aggrieved Employees with timely and duty-free meal periods.  Defendants regularly required Named Plaintiffs, the Class, and the Aggrieved Employees to work in excess of five consecutive hours a day without providing a 30-minute, continuous and uninterrupted, duty-free meal period, or without compensating Named Plaintiffs, the Class, and the Aggrieved Employees for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work.  Defendants did not adequately inform Named Plaintiffs, the Class, and the Aggrieved Employees of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work.  Moreover, Defendants did not have adequate written policies or practices providing meal periods for Named Plaintiffs, the Class, and the Aggrieved Employees, nor did Defendants have adequate policies or practices regarding the timing of meal periods. Defendants also did not have adequate policies or practices to verify whether Named Plaintiffs, the Class, and the Aggrieved Employees were taking their required meal periods.  Instead, Defendants' policy and practice were to not provide meal periods to Named Plaintiffs, the Class, and the Aggrieved Employees in compliance with California laws and regulations.

8.    Throughout the time period involved in this case, Defendants failed to maintain accurate records of meal periods taken or missed by Named Plaintiffs, the Class, and the Aggrieved Employees.  Named Plaintiffs, the Class, and the Aggrieved Employees recorded their work hours by clocking in and out of Defendants' timekeeping system.

9. Throughout the time period involved in this case, Defendants have wrongfully failed to authorize and permit Named Plaintiffs, the Class, and the Aggrieved Employees to take timely and duty-free rest periods. Defendants regularly required Named Plaintiffs, the Class, and the Aggrieved Employees to work in excess of four consecutive hours a day without authorizing and permitting them to take a 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction of four hours), or without compensating Named Plaintiffs, the Class, and the Aggrieved Employees for rest periods that were not authorized or permitted. Defendants did not adequately inform Named Plaintiffs, the Class, and the Aggrieved Employees of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Named Plaintiffs, the Class, and the Aggrieved Employees, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Named Plaintiffs, the Class, and the Aggrieved Employees were taking their required rest periods. Further, Defendants did not maintain any records reflecting when (or if) Named Plaintiffs, the Class, and the Aggrieved Employees took rest periods. Instead, Defendants' policy and practice were to not authorize and permit Named Plaintiffs, the Class, and the Aggrieved Employees to take rest periods in compliance with California laws and regulations.

10. Throughout the time period involved in this case, Defendants maintained a policy and practice of requiring Named Plaintiffs, the Class, and the Aggrieved Employees to perform work "off-the-clock" by working in lieu of taking required meal and rest periods, and by working during non-scheduled hours, uncompensated. Defendants did not pay Named Plaintiffs, the Class, and the Aggrieved Employees for this work time, and some of this time should have been paid at the overtime rate.

FIRST AMENDED COMPLAINT

11.    Throughout the time period involved in this case, Defendants maintained a policy and practice of not paying Named Plaintiff, the Class, and the Aggrieved Employees for overtime.

12.    Throughout the time period in this case, Defendants willfully failed and refused to timely pay Named Plaintiffs, the Class, and the Aggrieved Employees at the conclusion of their employment all wages for missed meal periods, rest periods, and hours worked (including minimum and overtime wages).

13.    Throughout the time period in this case, Defendants failed to furnish Named Plaintiffs, the Class, and the Aggrieved Employees with accurate, itemized wage statements showing all gross and net wages earned, including wages for meal periods that were not provided in accordance with California law, wages for rest periods that were not authorized and permitted to take in accordance with California law, and correct wages earned for hours worked.  As a result of these violations of California Labor Code § 226(a), Named Plaintiffs, the Class, and the Aggrieved Employees suffered injury because, among other things: (a) the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages, even though they were entitled; (b) the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages to which they were entitled, even though they had not been; (c) the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium wages owed to them; (d) in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information; (e) by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of

1   Social Security, disability, unemployment, and other governmental benefits; (f) the

2   wage statements inaccurately understated the wages, hours, and wages rates to

3   which Plaintiff, the Class, and the Aggrieved Employees were entitled, and

4   Plaintiffs, the Class, and the Aggrieved Employees were paid less than the wages

5   and wage rates to which they were entitled.  Thus, Named Plaintiffs, the Class, and

6   the Aggrieved Employees are owed the amounts provided for in Labor Code §

7   226(e).

8

9                **THE PARTIES TO EACH CAUSE OF ACTION**

10      **A.**    **Plaintiff**

11      14.     Named Plaintiff Franisha Beasley is a California resident who worked

12   for Defendants in the State of California as a House Keeper from approximately

13   June of 2017 to December of 2017. Named Plaintiff was employed as a non-

14   exempt, hourly employee of Defendants.   Named Plaintiff Stephanie Randall is a

15   California resident who worked for Defendants in the State of California as a

16   housekeeper from approximately May of 2017 to September of 2018.  Named

17   Plaintiff Stephanie Randall was employed as a non-exempt, hourly employee of

18   Defendants.

19      15.     Named Plaintiffs worked approximately five days per week,

20   approximately 8 hours or more per workday.

21      16.     Named Plaintiffs were not provided meal periods as required by

22   California law.  Specifically, during Named Plaintiffs' employment with

23   Defendants, Defendants failed to provide Named Plaintiffs with uninterrupted,

24   duty-free meal periods of at least thirty (30) minutes in length within the first five

25   (5) hours of work during her shifts.

26      17.     Defendants failed to pay Named Plaintiffs one (1) hour of pay at

27   Named Plaintiffs' regular rate of compensation for each workday that a meal period

28   was not provided in compliance with California laws and regulations.

18.     Named Plaintiffs were not provided rest periods as prescribed by California law. Specifically, Defendants failed to provide Named Plaintiff with uninterrupted, duty-free ten (10) minute rest periods for every four (4) hours worked, or major fraction.

19.     Defendants failed to pay Named Plaintiffs one (1) hour of pay at Named Plaintiff's regular rate of compensation for each workday that a rest period was not provided in compliance with California law.

20.     Defendants required Named Plaintiffs to perform work "off-the-clock." Specifically, Defendants failed to pay Named Plaintiff for all hours worked.

21.     Defendants failed to pay Named Plaintiffs one and one-half (1 1/2) times Named Plaintiffs' regular rate of pay for all hours worked in excess of eight (8) hours in any workday or for all hours worked in excess of forty (40) hours in any workweek.

22.     Named Plaintiff Beasely's employment with Defendant was terminated in December of 2017. Named Plaintiff Randall's employment with Defendant was terminated in September 2018.

23.     Plaintiffs reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**B.     Defendants**

24.     Named Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants are, and at all times herein mentioned were:

    a.     Business entities qualified to conduct business, and actually conducting business, in numerous counties throughout the State of California; and,

    b.     The employers of Named Plaintiffs and the current and/or former

FIRST AMENDED COMPLAINT

employers of the putative Class.

25.    Named Plaintiffs do not know the true names or capacities of the persons or entities sued herein as Does 1-100, inclusive, and therefore sues said Defendants by such fictitious names.  Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Named Plaintiffs, the Class, and the Aggrieved Employees as alleged herein.  Named Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

26.    At all times mentioned herein, the Defendants named as Does 1-100, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of plaintiffs, the Class, and the Aggrieved Employees in the State of California.

27.    Named Plaintiffs are informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Named Plaintiffs and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions.  Named Plaintiffs are informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Named Plaintiffs are informed and believe and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other

1  Defendants.

2

3      28.    Defendants ESA MANAGEMENT LLC and Does 1-100 are

4  collectively referred to herein as "Defendants."

5                    **CLASS ACTION ALLEGATIONS**

6      29.    Named Plaintiffs bring the First through Seventh Causes of Action,

7  individually, as well as on behalf of each and all other persons similarly situated,

8  and thus, seeks class certification under California Code of Civil Procedure §382.

9      30.    Named Plaintiffs bring the Eighth Cause of Action as a representative

10 action under the California Private Attorney General Act ("PAGA") to recover civil

11 penalties that are owed to the State of California, and past and present employees of

12 Defendants.

13     31.    All claims alleged herein arise under California law for which Named

14 Plaintiff seeks relief authorized by California law.

15     32.    The proposed Class consists of and is defined as:

16

17         All persons employed by Defendants to work in any
        hourly-paid job position in California at any time during

18         the period beginning four years before the filing of the
        initial complaint in this action and ending when Court

19         certifies the Class.  For purposes of this definition,
        "Defendants" means ESA MANAGEMENT LLC., and any

20         of the fictitiously named defendants (Does 1 through 100),
        which may include subsidiaries of, or companies owned by

21         ESA MANAGEMENT LLC.

22

23     33.    At all material times, Named Plaintiff was a member of the Class.

24     34.    Named Plaintiffs undertake this concerted action to improve the wages

25 and working conditions of all Class members.

26     35.    There is a well-defined community of interest in the litigation and the

27 Class is readily ascertainable:

28         a.    Numerosity:  The members of the Class (and each subclass, if

any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire Class is unknown to Named Plaintiffs at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

b. Typicality:  Named Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all Class members' claims as demonstrated herein.

c. Adequacy:  Named Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein.  Named Plaintiffs haveno conflicts with or interests antagonistic to any Class member.  Named Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Named Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)    The interests of the members of the Class in individually controlling the prosecution or defense of

separate actions;

    2)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

    3)    The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    4)    The difficulties likely to be encountered in the management of a class action.

    e.    <u>Public Policy Considerations</u>:  The public policy of the State of California is to resolve the Labor Code claims of many employees through a class action.  Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

36.    There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

    a.    Failed to provide meal periods and pay meal period premium wages to Class members;

    b.    Failed to authorize and permit rest periods and pay rest period

FIRST AMENDED COMPLAINT

1       premium wages to Class members;

2       c.    Failed to pay Class members for all hours worked, including

3             minimum wages, straight time wages, and overtime wages;

4       d.    Failed to promptly pay all wages due to Class members upon their

5             discharge or resignation;

6       e.    Failed to provide Class members with accurate wages statements;

7             and

8       f.    Violated Business & Professions Code §§ 17200 et. seq. as a

9             result of their illegal conduct as described above.

10      37.   This Court should permit this action to be maintained as a class action

11      pursuant to California Code of Civil Procedure §382 because:

12      a.    The questions of law and fact common to the Class predominate

13            over any questions affecting only individual members;

14      b.    A class action is superior to any other available methods for the

15            fair and efficient adjudication of the claims of the members of the

16            Class;

17      c.    The members of the Class are so numerous that it is impractical to

18            bring all members of the class before the Court;

19      d.    Named Plaintiffs, and the other members of the Class will not be

20            able to obtain effective and economic legal redress unless the

21            action is maintained as a class action;

22      e.    There is a community of interest in obtaining appropriate legal

23            and equitable relief for the statutory violations, and in obtaining

24            adequate compensation for the damages and injuries for which

25            Defendants are responsible in an amount sufficient to adequately

26            compensate the members of the Class for the injuries sustained;

27      f.    Without class certification, the prosecution of separate actions by

28            individual members of the class would create a risk of:

1             1)   Inconsistent or varying adjudications with respect to

2                    individual members of the Class which would establish

3                    incompatible standards of conduct for Defendants;

4                    and/or

5             2)   Adjudications with respect to the individual members

6                    which would, as a practical matter, be dispositive of the

7                    interests of other members not parties to the

8                    adjudications, or would substantially impair or impede

9                    their ability to protect their interests, including but not

10                   limited to the potential for exhausting the funds

11                   available from those parties who are, or may be,

12                   responsible Defendants; and,

13       g.   Defendants have acted or refused to act on grounds generally

14             applicable to the Class, thereby making final injunctive relief

15             appropriate with respect to the class as a whole.

16       38.   Named Plaintiffs contemplate the eventual issuance of notice to the

17   proposed members of the Class that would set forth the subject and nature of the

18   instant action.  The Defendants' own business records may be utilized for

19   assistance in the preparation and issuance of the contemplated notices.  To the

20   extent that any further notices may be required, Named Plaintiffs would

21   contemplate the use of additional techniques and forms commonly used in class

22   actions, such as published notice, e-mail notice, website notice, first-class mail, or

23   combinations thereof, or by other methods suitable to the Class and deemed

24   necessary and/or appropriate by the Court.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

[California Labor Code §§ 226.7, 512]

(Against All Defendants)

39.     Named Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 38 in this Complaint.

40.     Under California law, Defendants have an affirmative obligation to relieve the Class of all duty in order to take their first daily meal periods no later than the start of Named Plaintiffs and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday, as required under California Labor Code §§ 226.7, 512, and IWC Wage Orders.

41.     Despite these legal requirements, Defendants regularly failed to provide Named Plaintiff and the Class with both meal periods as required by California law.

42.     Under California law, Named Plaintiffs and the Class are entitled to be paid one hour of additional wages for each instance that he or she was not provided with all required meal period(s).

43.     Defendants regularly failed to pay Named Plaintiffs and the Class the additional wages to which they were entitled for meal periods and that were not provided.

44.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Named Plaintiffs and the Class were entitled to be paid twice a month at rates required by law, including meal break premium wages for each meal break that was not authorized and permitted.  However, during all such times, Defendants systematically failed and refused to pay Named Plaintiffs and the Class all such wages due and failed to pay those wages twice a month.

45.     As a proximate result of the aforementioned violations, the CLASS has been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses and costs of the lawsuit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [California Labor Code §§ 226.7 and 512]

### (Against All Defendants)

46.     Named Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 45 in this Complaint.

47.     Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for every four hours of work, or major fraction of four hours (i.e. more than two hours).  Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws.

48.     Despite these legal requirements, Defendants failed to authorize Named Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than four hours in a workday.

49.     Under California law, Named Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each instance he or she was not provided with all required rest break(s).

50.     Defendants regularly failed to pay Named Plaintiffs and the Class the additional wages to which they were entitled for rest breaks. As a result, Defendants are liable to Named Plaintiffs and the Class for one hour of additional wages for each workday when they did not receive a rest break.

51.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Named Plaintiffs and the Class were entitled to be paid twice a month at rates required by law, including rest break premium wages for each rest break that was not authorized and permitted. However, during all such times, Defendants systematically failed and refused to

pay Named Plaintiffs and the Class all such wages due, and failed to pay those wages twice a month.

52.    Defendants are also liable to the Class for the civil penalties provided for in Labor Code § 558 because of the violations alleged in this cause of action.

53.    As a proximate result of the aforementioned violations, the Class has been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees and expenses and costs of suit.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wage

### [California Labor Code §§ 226, 510, 1194, 1197]

### (Against All Defendants)

54.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 53 in this Complaint.

55.    "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

56.    Pursuant to California Labor Code §§1194 and 1197, payment of less than

minimum wage fixed by the Industrial Welfare Commission is unlawful.

57.    At all relevant times herein mentioned, Defendants knowingly failed to pay to Named Plaintiffs, and the other members of the Class, compensation for all hours they worked.

58.    Accordingly, Named Plaintiffs and the other members of the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

FIRST AMENDED COMPLAINT

59.     By and through the conduct described above, Named Plaintiffs and the other members of the Class, have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

60.     By virtue of the Defendants' unlawful failure to pay additional compensation to the Class for their non-overtime hours worked without pay, the Class has suffered, and will continue to suffer, damages in amounts which are presently unknown to the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

61.     By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due to Named Plaintiffs and the Class Members.

62.     Pursuant to California Labor Code section 1194.2, Named Plaintiffs and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

63.     California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month.  Throughout the statute of limitations period applicable to this cause of action, Named Plaintiffs and the Class members were entitled to be paid twice a month at rates required by law, including minimum and straight time wages.  However, during all such times, Defendants systematically failed and refused to pay Named Plaintiffs and the Class members all such wages due, and failed to pay those wages twice a month.

64.     Named Plaintiffs and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to Cal. Labor Code §§218.5 and 218.6.

65.     Therefore, pursuant to California Labor Code §§ 200, 203, 218.5, 218.6, 226, 558, 1194, 1197.1, and other applicable provisions of the Labor Code and the IWC Wage Orders, the Class is entitled to recover the unpaid balance of

wages Defendants owe the Class, plus interest, penalties, attorneys' fees, expenses and costs of the lawsuit.

66.    Named Plaintiffs and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to Cal. Labor Code §§ 218.5, 218.6, and 1194(a).

## **FOURTH CAUSE OF ACTION**

### **Failure to Pay Overtime Compensation**

### **[California Labor Code §§ 226, 510, 1194, 1197]**

### **(Against All Defendants)**

67.    Named Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 66 in this Complaint.

68.    Pursuant to California Labor Code §§ 510 and 1194, for the four years preceding the filing of this lawsuit, Defendants were required to compensate the Class for all overtime worked, which is calculated at one and one-half times the regular rate of pay for hours worked in excess of eight hours per day and/or forty hours per week, and for the first eight hours on the seventh consecutive work day, with double time after eight hours on the seventh day of any work week, or after twelve (12) hours in any work day.

69.    The Class was non-exempt employees, entitled to the protections of California Labor Code §§510 and 1194.  During the course of the Class' employment, Defendants failed to compensate the Class for overtime hours worked as required under the foregoing provisions California Labor Code by failing to pay the Class overtime at one and one-half or double each employee's regular rate of pay as provided by California Labor Code §§ 510 and 1194; failing to pay for all hours worked; requiring, permitting or suffering the Class to work through their meal breaks; illegally and inaccurately recording the time the Class worked; failing

1  to properly maintain records; failing to provide accurate itemized statements for

2  each pay period; failing to pay all wages due upon discharge or quitting; and

3  through other methods to be discovered.

4    70.    In violation of state law, Defendants knowingly and willfully refused

5  to perform their obligations to compensate the Class for all wages earned and all

6  hours worked.  As a direct result, the Class has suffered, and continue to suffer,

7  substantial losses related to the use and enjoyment of such wages, lost interest on

8  such wages, and expenses and attorneys' fees in seeking to compel Defendants to

9  fully perform their obligations under state law, all to their respective damages in

10  amounts according to proof at time of trial, and within the jurisdiction of this Court.

11    71.    Defendants committed the acts alleged herein knowingly and

12  willfully, with the wrongful and deliberate intention of injuring the Class, from

13  improper motives amounting to malice, and in conscious disregard of the Class'

14  rights.  The Class is thus entitled to recover nominal, actual, compensatory,

15  punitive, and exemplary damages in amounts according to proof at time of trial,

16  and within the jurisdiction of this Court.

17    72.    Defendants' conduct described herein violates Labor Code §§ 226,

18  510, 1194, 1197 and IWC Wage Orders.  Therefore, pursuant to California Labor

19  Code §§ 200, 203, 218.5, 226, 558, 1194, 1994.2, 1197.1, and other applicable

20  provisions of the Labor Code and IWC Wage Orders, the Class is entitled to

21  recover the unpaid balance of wages Defendants owe the Class, plus interest,

22  penalties, attorneys' fees, expenses and costs of suit.

23

24                    **FIFTH CAUSE OF ACTION**

25  **Failure to Provide Accurate Statements and to Maintain Required Records**

26      **[California Labor Code §§ 226, 226.3, 1174, and 1174.5]**

27                    **(Against All Defendants)**

28

73.     Named Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 72 in this Complaint.

74.     At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

75.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Named Plaintiffs and the members of the Class, the failure to list the true "total hours worked by the employee," the failure to list the true net wages earned, and the failure to list the name and address of the legal entity that is the employer of Named Plaintiffs and the Class.

76.     As a result of Defendants' violation of California Labor Code § 226(a), Named Plaintiffs and the members of the Class have suffered injury and damage to their statutorily-protected rights.

77.     Specifically, Named Plaintiffs and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive and their protected

interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a).

78.    Calculation of the true wage entitlement for Named Plaintiffs and the Class is difficult and time-consuming.  As a result of this unlawful burden, Named Plaintiffs were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

79.    Named Plaintiffs and Class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

80.    Named Plaintiffs and the members of the Class are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## SIXTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged or Quitting Employees**

**[California Labor Code §§ 201, 202, 203, 227.3]**

**(Against All Defendants)**

81.    Named Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 80 in this Complaint.

82.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has

1  given seventy-two (72) hours previous notice of his or her intention to quit, in

2  which case the employee is entitled to his or her wages at the time of quitting.

3        83.    Within the applicable statute of limitations, the employment of Named

4  Plaintiffs and many other members of the Class ended, was terminated by quitting

5  or discharge, and the employment of others will be.  However, during the relevant

6  time period, Defendants failed, and continue to fail to pay Named Plaintiffs and

7  terminated Class members, without abatement, all wages required to be paid by

8  California Labor Code sections 201 and 202 either at the time of discharge, or

9  within seventy-two (72) hours of their leaving DEFENDANTS' employ.

10        84.    Defendants' failure to pay Named Plaintiffs and those Class members

11  who are no longer employed by Defendants their wages earned and unpaid at the

12  time of discharge, or within seventy-two (72) hours of their leaving Defendants'

13  employment, is in violation of California Labor Code §§ 201 and 202.

14        85.    California Labor Code § 203 provides that if an employer willfully

15  fails to pay wages owed, in accordance with sections 201 and 202, then the wages

16  of the employee shall continue as a penalty wage from the due date, and at the same

17  rate until paid or until an action is commenced; but the wages shall not continue for

18  more than thirty (30) days.

19        86.    Named Plaintiffs and Class members are entitled to recover from

20  Defendants their additionally accruing wages for each day they were not paid, at

21  their regular hourly rate of pay, up to 30 days maximum pursuant to California

22  Labor Code § 203.

### SEVENTH CAUSE OF ACTION

**Failure to provide notice of sick leave**

**[California Labor Code § 2810.5]**

**(Against all Defendants)**

87.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein Paragraphs 1 through 86 in this Complaint.

88.    Labor Code Section § 2810.5 states in relevant part:

(a)(1) at the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment related information to the employee, containing the following information:

h) that an employee may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid leave and has the right to file a complaint against an employer who retaliates.

89.    Defendants have knowingly and intentionally failed to provide Named Plaintiffs and other Class Members with the required written notice of any paid sick leave policy, as required under Labor Code § 2810.5. Consequently, Defendants have violated the right of Named Plaintiffs and other aggrieved employees under Labor Code § 2810.5.

90.    Named Plaintiffs and other members of the Plaintiffs Class request recovery of Labor Code § 266(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to Labor Code §§ 226.3 and 553, and all other damages, attorney's fees, costs, expenses and interest permitted by statute.

## EIGHTH CAUSE OF ACTION

### Unlawful Business Practices

### [California Business and Professions Code § 17200]

### (Against All Defendants)

91.    Plaintiffs incorporate by reference and re-alleges as if fully stated herein paragraphs 1 through 90 in this Complaint.

92.    Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17201.

93.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Named Plaintiffs, other Class members, and to the general public. Named Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

94.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, et seq.

95.    A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code §§ 17200, et seq.

**Failure to Provide Meal Periods**

96.    Defendants' failure to provide meal periods in accordance with Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

**Failure to Authorize and Permit Rest Periods**

97.    Defendants' failure to authorize and permit rest periods in accordance with Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

FIRST AMENDED COMPLAINT

**Failure to Pay Minimum Wages**

98.    Defendants' failure to pay minimum wages and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

**Failure to Pay Overtime Wages**

99.    Defendants' failure to pay overtime compensation and other benefits in violation of Cal. Labor Code § 1454, Penal Code §§ 484 and 532 (obtaining labor through false pretenses), constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

**Failure to Provide Accurate Itemized Wage Statements**

100.    Defendants' failure to provide accurate itemized wage statements in accordance with Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, et seq.

101.    By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, have obtained valuable property, money and services from Named Plaintiffs, and all persons similarly situated, and have deprived Named Plaintiffs, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

102.    Named Plaintiffs and the other Class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

103.    Named Plaintiffs, individually, and on behalf of members of the putative Class, is entitled to, and do, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Named Plaintiffs has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Named Plaintiffs, and the members of the putative Class, is not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

104.    Named Plaintiffs, individually, and on behalf of members of the

putative class, are further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

105.    Named Plaintiffs, individually, and on behalf of members of the putative class, haves no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, Named Plaintiffs, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

106.    Named Plaintiffs also allege that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

107.    Pursuant to California Business & Professions Code §§ 17200, et seq., Named Plaintiffs and putative Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Named Plaintiffs and Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of cost.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REPRESENTATIVE ACTION

## NINTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [California Labor Code §§ 2698-2699.5]

### (Against All Defendants)

108.    Named Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28, and 39 through 103 as though fully set forth herein.

109.    At all times herein mentioned, Defendants were subject to the Labor Code of the State of California and the applicable Industrial Welfare Commission Orders.

110.    Labor Code § 2699(a) specifically provides for a private right of action to recover penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

111.    Labor Code § 2699.3 states:

> (a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

26

FIRST AMENDED COMPLAINT

(1) (A) The aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(B) A notice filed with the Labor and Workforce Development Agency pursuant to subparagraph (A) and any employer response to that notice shall be accompanied by a filing fee of seventy-five dollars ($75). The fees required by this subparagraph are subject to waiver in accordance with the requirements of Sections 68632 and 68633 of the Government Code.

(C) The fees paid pursuant to subparagraph (B) shall be paid into the Labor and Workforce Development Fund and used for the purposes specified in subdivision (j) of Section 2699.

(2) (A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

108. Named Plaintiffs have exhausted their administrative remedies pursuant to Labor Code § 2699.3. On April 3, 2018, Named Plaintiff Beasely gave written notice by online filing with the Labor and Workforce Development Agency and by certified mail to Defendants of the specific provisions of the Labor Code that Defendants have violated against Named Plaintiff and certain current and former employees of Defendants, including the facts and theories to support the violations. Named Plaintiff also paid the filing fee required under Labor Code § 2699.3. On June 7, 2018, more than 65 days had elapsed since the filing of Plaintiff's April 3, 2018 notice and the Labor and Workforce Development Agency has not indicated that it intends to investigate Defendants' Labor Code violations discussed in the

amended notice. Accordingly, Named Plaintiff may commence a civil action to recover penalties for himself and other current and former employees under Labor Code § 2699 pursuant to § 2699.3. Named Plaintiff Stephanie Randall has exhausted her administrative remedies pursuant to Labor Code § 2699.3.  On October 2, 2018, she gave written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the Defendants of the specific provisions of the Labor Code that Defendants have violated against Named Plaintiff and certain current and former employees of Defendants, including the facts and theories to support the violations.  Named Plaintiff also paid the filing fee required under Labor Code § 2699.3.  On February 13, 2019, more than 65 days had elapsed since the filing of Plaintiff's October 2, 2018 notice and the Labor and Workforce Development Agency has not indicated that it intends to investigate Defendants' Labor Code violations discussed in the notice. Accordingly, Named Plaintiff may commence a civil action to recover penalties for herself and other current and former employees under Labor Code § 2699 pursuant to § 2699.3.

109.  By way of this cause of action, under Labor Code § 2699(f) pursuant to Labor Code § 2699.3, Named Plaintiffs seek penalties for himself and for similarly Aggrieved Employees of Defendants for the violations of the Labor Code described above.

110.  In addition, Named Plaintiffss seek penalties for himself and the Aggrieved Employees of Defendants under Labor Code § 1174(d).  Pursuant to Labor Code § 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by Labor Code § 1174 is subject to a penalty under § 1174.5.  Pursuant to the applicable IWC Order § 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period.  Meal periods and total hours worked daily shall also be recorded.  Additionally, pursuant to the applicable

IWC Order § 7(A)(5), every employer shall keep total hours worked in the payroll period and applicable rates of pay.

111.   During the time period of employment for Named Plaintiffs and the Aggrieved Employees, Defendants failed to maintain records pursuant to the Labor Code and IWC Orders by failing to maintain accurate records showing meal periods, and accurate records showing when employees begin and end each work period.  Defendants' failure to provide and maintain records required by the Labor Code IWC Wage Orders deprived Plaintiffs and the aggrieved employees the ability to know, understand and question the accuracy and frequency of meal periods, and the accuracy of their hours worked stated in Defendants' records.  Therefore, Named Plaintiffs and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendants.  As a direct result, Named Plaintiffs and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial.  As a result of Defendants' knowing failure to comply with the Labor Code and applicable IWC Wage Orders, Plaintiffs and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

112.   Labor Code §§ 2699 and 2699.5 sets forth penalties to be awarded against Defendants for violating the California Labor Code. Named Plaintiffs have alleged in this complaint, including but not limited to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 226.7, 512, 558, 1174.5, 1197.1, and 2699.

113.   Named Plaintiffs are entitled to an award of civil penalties as set forth in Labor Code § 2699 on behalf of himself, the State of California, and similarly Aggrieved Employees of Defendants.  The exact amount of the

applicable penalties, in all, is in an amount to be shown according to proof at trial. These penalties are in addition to all other remedies permitted by law.

114. In addition, Named Plaintiffs seek an award of reasonable attorney's fees and costs pursuant to Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

### PRAYER FOR RELIEF

Named Plaintiffs, individually, and on behalf of all others similarly situated only with respect to the class claims, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

115. That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action;

116. That Named Plaintiffs be appointed as the representative of the Class and subclass; and

117. That counsel for Named Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

118. That the Court declare, adjudge and decree that Defendants violated Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

119. For general unpaid wages and such general and special damages as may be appropriate;

120. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

121. For reasonable attorneys' fees and for costs of suit incurred herein; and

122. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

123.   That the Court declare, adjudge and decree that Defendants violated Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

124.   For general unpaid wages and such general and special damages as may be appropriate;

125.   For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

126.   For reasonable attorneys' fees and for costs of suit incurred herein; and

127.   For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

128.   That the Court declare, adjudge and decree that Defendants violated Labor Code §§ 204 and 1194;

129.   For general unpaid wages and such general and special damages as may be appropriate;

130.   For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

131.   For liquidated damages;

132.   For reasonable attorneys' fees and for costs of suit incurred herein; and

133.   For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

134.   That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 1194 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Named Plaintiffs and Class members;

135.   For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

136.   For pre-judgment interest on any unpaid overtime compensation

commencing from the date such amounts were due;

137.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

138.  For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fifth Cause of Action</u>

139. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Named Plaintiffs and class members, and willfully failed to provide accurate itemized wage statements thereto;

140.  For all actual, consequential and incidental losses and damages, according to proof;

141.  For statutory penalties pursuant to California Labor Code § 226(e);

142.  For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g);

143.  For reasonable attorneys' fees and for costs of suit incurred herein; and

144.  For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Sixth Cause of Action</u>

145.  That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Named Plaintiffs and other terminated class members;

146.  For all actual, consequential and incidental losses and damages, according to proof;

147.  For statutory wage penalties pursuant to California Labor Code § 203 for Plaintiffs and all other class members who have left Defendants' employ;

FIRST AMENDED COMPLAINT

148.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

149.   For reasonable attorneys' fees and for costs of suit incurred herein; and

150.   For such other and further relief as the Court may deem equitable and appropriate

## As to the Eighth Cause of Action

151.   That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide meal periods, failing to authorize and permit rest periods, failing to pay wages for all hours worked (including minimum, straight time, and overtime wages), and failing to furnish accurate wage statements;

152.   For restitution of unpaid wages to Named Plaintiffs and all class members and prejudgment interest from the day such amounts were due and payable;

153.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 et seq.;

154.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

155.   For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code § 17200, et seq.; and,

156.   For such other and further relief as the Court may deem equitable and appropriate.

## As to all Causes of Action

157.   For any additional relief that the Court deems just and proper.

FIRST AMENDED COMPLAINT

1

2

3

4

5

6
Dated: February 27, 2019

7

8

Respectfully submitted,

RASTEGAR LAW GROUP, APC

By: _____
Farzad Rastegar
Amir Seyedfarshi
Attorneys for Named Plaintiffs Franisha
Beasley and Stephanie
Randallindividually; and on behalf of all
current and former employees of
Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10

## **DEMAND FOR JURY TRIAL**

Plaintiffs demands a trial by jury as to all causes of action triable by jury.

Dated: February 27, 2019                    RASTEGAR LAW GROUP, APC


                                            By: _____
                                                Farzad Rastegar
                                                Amir Seyedfarshi
                                                Attorneys for Named Plaintiff Franisha
                                                Beasley and Stephanie Randall,
                                                individually; and on behalf of all current
                                                and former employees of Defendants

20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT